# CITATION

Cause Number: 16-11-13476

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Kevin A Murray
Galleria Financial Center
5075 Westheimer Rd, Ste 980
Houston TX  77056

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Southern Specialties Transportation LLC hereinafter sometimes referred to as "Southern Transportation"
      Jonathan Colligan at C/O Jonathan Colligan
      1643 North Canal Road
      Estherwood LA  70534

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 18th day of November, 2016 numbered 16-11-13476 on the docket of said court, and styled, Ernest Starks VS. Southern Specialties Transportation LLC, Deangelo D Noyes

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 28th day of November, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: Catherine Gant

Catherine Gant, Deputy

# OFFICER'S RETURN

Cause No. 16-11-13476          Court No: 284th Judicial District Court
Style: Ernest Starks VS. Southern Specialties Transportation LLC, Deangelo D Noyes

To:      Southern Specialties Transportation LLC hereinafter sometimes
         referred to as "Southern Transportation"
Address: Jonathan Colligan at C/O Jonathan Colligan
         1643 North Canal Road
         Estherwood LA  70534


Came to hand the ___day of _____, 20__, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition and Request for Disclosure, at the
following times and places, to wit:

Name          Date/Time        Place, Course and distance from Courthouse
_____ _____       _____

Manner of service:_____

*And not executed as to the defendants(s)_____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy     $_____
TOTAL                         $_____

                                   _____ OFFICER
                                   _____ County, Texas
                                   By: _____, Deputy

                           AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/____, and my
address is_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ___day of
_____, 20____.

                                   _____
                                   Declarant/Authorized Process Server

                                   _____
                                   ID# & Exp. Of Certification

Received and E-Filed for Record
11/18/2016 4:27:11 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-11-13476 _____

| | | |
|---|---|---|
| **ERNEST STARKS** | § | **IN THE DISTRICT COURT** |
| | § | Montgomery County - 284th Judicial District Court |
| | § | |
| **VS.** | § | **____TH JUDICIAL DISTRICT** |
| | § | |
| **SOUTHERN SPECIALTIES** | § | |
| **TRANSPORTATION, LLC and** | § | |
| **DEANGELO D NOYES** | § | **MONTGOMERY COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURES

**TO THE HONARABLE JUDGE OF SAID COURT:**

**COMES NOW** ERNEST STARKS, Plaintiff, complaining of SOUTHERN

SPECIALTIES TRANSPORTATION LLC and DEANGELO D NOYES, Defendants, and for

cause of action would show as follows:

## I.
## DISCOVERY

1.1   Plaintiff intends to conduct discovery under Level III of the Texas Rules of Civil

Procedures 190.4.

## II.
## PARTIES

2.1   Plaintiff, ERNEST STARKS, is an individual who resides in the State of Texas.

2.2   Defendant, SOUTHERN SPECIALTIES TRANSPORTATION LLC hereinafter

sometimes referred to as "SOUTHERN TRANSPORTATION" is a limited liability company

organized under the laws of Louisiana. SOUTHERN TRANSPORTATION may be served by its

registered agent Jonathan Colligan at C/O Jonathan Colligan 1643 North Canal Road, Estherwood,

Louisiana 70534. Southern Specialties' three LLC members are Jonathan Colligan, Jessica

Colligan, and Joshua Stewart, all of whom are citizens of the State of Louisiana.

2.3     Defendant, DEANGELO D NOYES, is an individual and may be served with process at 8525 Chalmette Dr., Shreveport, LA 71115, or wherever he may be found.

### III.
### VENUE

3.1     Venue is proper in Montgomery County, Texas, pursuant to §15.002 of the Texas Civil Practice & Remedies Code, (general venue rule) because all of the events or omissions giving raise to this claim occurred in Montgomery County, Texas.  This Court has jurisdiction over the parties and subject matter hereof.  The amount in controversy exceeds the minimum jurisdictional limits of this Court.

### IV.
### FACTS

4.1     This suit arises out of Montgomery County accident, which occurred on or about January 6, 2015.  Plaintiff, ERNEST STARKS, was traveling west bound on S. Loop 336 in Montgomery County, Texas, when the Defendant, DEANGELO D NOYES, failed to drive in a single lane and collided into the rear of Plaintiff's vehicle.  Defendant, DEANGELO D NOYES, was operating a 2013 Kenworth Export owned by the Defendant, SOUTHERN SPECIALTIES TRANSPORTATION, LLC.  As a result, the Plaintiff sustained severe injuries.

### CAUSES OF ACTION AGAINST THE DEFENDANTS, SOUTHERN SPECIALTIES TRANSPORTATION, LLC and DEANGELO D NOYES
### V.
### RESPONDEAT SUPERIOR: SOUTHERN SPECIALTIES TRANSPORTATION, LLC and DEANGELO D NOYES

5.1     At the time of the accident described above, Defendant, DEANGELO D. NOYES, individually negligent, and was also agent, servant and/or employee of Defendant SOUTHERN

SPECIALTIES LLC and was acting within his scope of authority as such agent, servant, or employee. Defendant SOUTHERN SPECIALTIES LLC, therefore, is liable for the acts and/or omissions of Defendant DEANGELO D NOYES, described *infra,* under the doctrine of *respondeat superior.* Additionally, SOUTHERN SPECIALTIES LLC, was individually negligent in causing serious and permanent injuries and the damages to the Plaintiff.

## VI.
## SOUTHERN SPECIALTIES, LLC
## NEGLIGENCE

6.1     Additionally, Defendant SOUTHERN SPECIALTIES LLC, committed acts and/or omissions that constitute negligence and/or negligence per se, as those terms are defined in law, including, but not limited to, the following:

(1) Failure to provide training to Deangelo D Noyes;

(2) Failure to provide training that met industry standards;

(3) Failure to train Deangelo D Noyes in the driving of their vehicle so as to not show a willful or wanton disregard for the safety of persons or property, and is guilty of reckless driving;

(4) Failure to train Deangelo D Noyes to operate his truck in accordance with the laws, ordinances and regulations of the State of Texas;

(5) Failure to properly test the driving skills of Deangelo Noyes prior to allowing him to operate Defendant's vehicle on public highways and roads;

(6) Failure to implement and maintain a driver a safety program and driver safety procedures; and

(7) Failure to provide proper supervision of Deangelo D Noyes in his duties as truck driver.

6.2     Each of the foregoing negligent acts and/or omissions, whether taken singularly or any combination, was the proximate cause of the Plaintiff's injuries and damages that are described hereinafter with more particularity.

## VII.
## DEANGELO D NOYES' NEGLIGENCE AND NEGLIGENCE PER SE

7.1     At the time and occasion in question, Defendant DEANGELO D NOYES committed acts and/or omissions that constituted negligence and/or negligence per se, including, but not limited to, the following:

> (1) Failure to keep a proper lookout;
>
> (2) Failure to warn the impending accident;
>
> (3) In failing to change lanes when unsafe;
>
> (4) In failing to drive in a single lane;
>
> (5) Violation and/or not being familiar with the driving policies of Defendant Southern Specialties, LLC.
>
> (6) Failure to comply with the driving policies and/or recommendations of his employer, Southern Specialties, LLC; and
>
> (7) Failure to be aware of the driving policies and/or recommendations of his employer, Southern Specialties, LLC.

7.2     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, with the proximate case of Plaintiff's injuries and damages that are described hereinafter with more particularity.

## VIII.
## DAMAGES

8.1     As a direct, proximate and foreseeable result of the above referenced acts and/or omissions of the Defendants, Plaintiff sustained severe and permanent physical, mental and emotional injuries as well as economic losses. As such, Plaintiff seeks the following damages:

1.  Medical Expenses:   Plaintiff has suffered severe and permanent bodily injuries. Plaintiff has incurred significant medical expenses in connection with said injuries and in all reasonable medical probability will incur significant future medical expenses for the remainder of his life.

2.  Physical Pain:   Plaintiff has endured significant physical pain in the past and will endure pain in the future.

3.  Mental Anguish:   Plaintiff has endured tremendous mental anguish in the past and will endure mental anguish in the future.

4.  Impairment:   Plaintiff has suffered traumatic physical and mental impairment in the past and will continue to suffer the effects into the future and likely for the remainder of his life.

5.  Disfigurement:   Plaintiff has suffered disfigurement in the past and will suffer from disfigurement in the future.

## IX.
## RIGHT TO AMEND

9.1   Furthermore, the Plaintiff would state that because of the nature and complexity of this incident, Plaintiff reserves the right to, based upon additional information during the course of discovery, amend these pleadings to include additional parties as appropriate, omit parties as appropriate, amend claims, allegations, cause of action, names and grounds for recovery in accordance with the Texas Rules of Civil Procedure.

## X.
## PRE-JUDGEMENT AND POST JUDEMENT INTEREST

10.1   Plaintiff seeks pre-judgement and post-judgement interest as allowed by law.

## XI.
## PLAINTIFF'S MAXIMUM DAMAGES

11.1   Plaintiff's damages far exceed the minimum jurisdictional requirements of this Honorable Court.  Plaintiff is only seeking damages of monetary relief of $200,000.00 but not

more than $1,000,000.00, including damages of any kind, penalties, costs expenses, pre-judgment interest, and attorney fees.

## XII.
## JURISDICTIONAL AMOUNT

12.1   By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of these Defendants in excess of the minimum jurisdictional limits of this court and in an amount to be determined by the jury in this case and as the evidence may show proper at the time of trial.

## XIII.
## PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST

13.1   Plaintiff seeks pre-judgement and post-judgement interest as allowed by law.

## XIV.
## REQUEST FOR DISCLOSURE

14.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants named herein, are requested to disclose, within fifty (50) days of service of this request, the information or material described in the Texas Rule of Civil Procedure 194.2 (a)- (1).

## XV.
## JURY DEMAND

15.1   In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.  In support of his application, the appropriate jury has been paid to the Clerk at least thirty- days (30) in advance of the trial setting.

## XVI.
## RULE 193.7 NOTICE

16.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and all documents produced by any party will be used at any pretrial proceeding and/or at the trial of this matter.

## XVII.
## RESERVATION OF RIGHTS

17.1    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend his petition to add additional counts upon further discovery and his investigation continues.

## XVIII.
## CONDITIONS PRECEDENT

18.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein and to Defendants' liability have been performed or have occurred.

## PRAYER

WHEREFORE, Plaintiff prays that this cause be set for trial before a jury, that he recover judgement of and from the Defendants, for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgement interest, cost of court, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

/s/ Kevin A. Murray
**Kevin A. Murray**
State Bar. No. 24007720
Galleria Financial Center
5075 Westheimer Rd., Suite 980
Houston, Texas 77056
Telephone: (713) 355-5500
Facsimile: (888) 331-5747
kmurray@murrlaw.com
**ATTORNEY FOR PLAINTIFF**